[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2006
THOMAS K. KAHN
CLERK

No. 05-16054
Non-Argument Calendar

_____

D. C. Docket No. 05-00085-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELKIN HERNAN DUARTE MUNOZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 27, 2006)**

Before DUBINA, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Elkin Hernan Duarte Munoz appeals his sentence of 135 months of

imprisonment for drug trafficking. He argues that he was entitled to a minor role adjustment and his sentence was unreasonable. We affirm.

Officers of the United States Coast Guard arrested Munoz, who is not a citizen of our country, on a vessel that was subject to the jurisdiction of the United States and contained eleven crew members and over 8000 pounds of cocaine. Munoz pleaded guilty of possession with the intent to distribute five or more kilograms of cocaine and conspiracy to possess with the intent to distribute five or more kilograms of cocaine. 46 U.S.C. app. § 1903(a), (g) & (j); 21 U.S.C. § 960(b)(1)(B)(ii); 18 U.S.C. § 2. The district court declined to award Munoz a minor role adjustment under section 3B1.2(b) of the sentencing guidelines and sentenced Munoz to 135 months of imprisonment. The statutory maximum penalty for his offenses was life imprisonment, 21 U.S.C. § 960(b)(1)(B), and the range under the advisory sentencing guidelines was 135 to 168 months of imprisonment.

Munoz challenges his sentence on three grounds. First, he argues that he was entitled to a minor role adjustment. Second, he argues that his sentence was too severe under section 2D1.1(a)(3) of the sentencing guidelines, which provides for a decrease in a base offense level. Third, he argues that the hardships associated with his involuntary status as an illegal alien make his sentence

2

unreasonable and create an unwarranted sentencing disparity.

We review determinations about a defendant's role in an offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We review applications of the sentencing guidelines de novo. United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir. 2006). We review final sentences for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244–45 (11th Cir. 2005).

Munoz's arguments fail. First, Munoz was held accountable for drug trafficking offenses involving over 8000 pounds of cocaine, and his role in those offenses was not minor. De Varon, 175 F.3d at 940–42. Second, section 2D1.1(a)(3) of the sentencing guidelines provides for a reduction in a base offense level only "if [] the defendant receives an adjustment under § 3B1.2" for a minor role in the offense. U.S.S.G. § 2D1.1(a)(3). Third, Munoz's sentence at the low end of the range under the sentencing guidelines was reasonable, and hardships associated with his status as an illegal alien did not create an unwarranted sentencing disparity.

Munoz's sentence is

**AFFIRMED.**